UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE MANUEL NAMINA TENE, *individually and on behalf of all others similarly situated*,

                               Plaintiff,

    -against-

NEUEHAUS STUDIOS INC. and HAYK SAFARYAN, *as an individual*,

                              Defendants.
------------------------------------------------------------ x

**REPORT & RECOMMENDATION**

23-CV-2040 (NRM)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Jose Manuel Namina Tene brings this wage and hour collective and class action against Defendants Neuehaus Studios Inc. ("Neuehaus") and Hayk Safaryan, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the New York Labor Law, Art. 6, §§ 1 *et seq.* (the "NYLL"). (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for default judgment "in a sum certain," pursuant to Federal Rule of Civil Procedure 55(a). (*See generally* Pl. Mot., ECF No. 15.) The Honorable Judge Nina R. Morrison referred the motion for report and recommendation.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment should be **denied without prejudice,** and that Plaintiff should be granted thirty days to file an amended complaint that cures the deficiencies noted herein.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

I. **BACKGROUND**

　A. **Factual Allegations**

The following facts are taken from the Complaint and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Neuehaus is a New York corporation with its principal place of business located at 25 Ten Eyck Street, Brooklyn, New York. (Compl., ECF No. 1 ¶ 8.) Safaryan is the owner and operator of Neuehaus and is responsible for overseeing its daily operations, including making personnel, payroll, hiring and firing decisions. (*Id.* ¶¶ 9–16.) Plaintiff was employed by Defendants as a "roofer, bricklayer, and concrete mixer while performing related miscellaneous duties" from approximately November 2020 until November 2021. (*Id.* ¶ 19.)

Plaintiff alleges that he[2] worked approximately five days a week, from around 7:00 a.m. until around 5:00 p.m. each day, for a total of 50 hours per week. (*Id.* ¶¶ 20–22.) Plaintiff was paid a flat rate of $38.00 per hour, regardless of the number of hours worked per week. (*Id.* ¶ 23.) Plaintiff alleges that he was not paid overtime for hours worked over 40 hours in a work week. (*Id.* ¶ 24.) Plaintiff further alleges that he was not compensated at all during his last four weeks of employment in November 2021. (*Id.* ¶ 25.)

　B. **Procedural History**

Plaintiff initiated this suit against Defendants in March 2023 alleging failure to pay overtime wages under the FLSA and NYLL; failure to pay wages under the FLSA and NYLL;

---

[2] The Complaint refers to Plaintiff primarily using "he/his" pronouns and occasionally using "she/her" pronouns. (*Compare* Compl., ECF No. 1 at 1 (introduction) & ¶¶ 20, 25, 49, 63 ("his"), *with id.* ¶¶ 24, 29, 57 ("her").) The Court will refer to Plaintiff using "he/his" pronouns.

2

and failure to provide wage statements and wage notices under the NYLL. (*See* Compl., ECF No. 1 ¶¶ 43–67.) Plaintiff served the summons and Complaint on Neuehaus through the New York Secretary of State in March 2023. (Aff. of Service, ECF No. 9.) Plaintiff subsequently served the summons and Complaint on Safaryan in May 2023 by affixing the papers to the door of Safaryan's last known residence after multiple unsuccessful attempts to personally serve Safaryan. (Aff. of Service, ECF No. 10.) At Plaintiff's request, and after Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on June 29, 2023. (Entry of Default, ECF No. 13.) The next day, Plaintiff mailed the certificates of default via certified, first-class mail to Safaryan's last known address, which is the same as Neuehaus' registered business address listed on the New York Department of State website:[3] 25 Ten Eyck Street, Apt. 4, Brooklyn, NY 11206. (Aff. of Service, ECF No. 14.)

Plaintiff filed the instant motion for default judgment on August 28, 2023, seeking damages, including unpaid overtime wages, unpaid wages during his last four weeks of employment, liquidated damages, statutory damages, and post-judgment interest. (*See generally* Pl. Mot., ECF No. 15; Pl. Mem., ECF No. 17 at 13–19.) On the same day, Plaintiff mailed a copy of the motion papers to the same Brooklyn address for both Defendants. (Aff. of Service, ECF No. 18.) Judge Morrison referred the motion for report and recommendation. (Aug. 29, 2023 Order Referring Mot.) To date, Defendants have not appeared in this case or responded to Plaintiff's motion.

---

[3] "Corporation and Business Entity Database," New York Department of State, Division of Corporations (https://apps.dos.ny.gov/publicInquiry/EntityDisplay).

## II.     DISCUSSION

### A.     Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021).  To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up).  The Court must draw all reasonable inferences in favor of the movant.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'"  *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

In this case, Plaintiff purportedly moves for default judgment "*In a Sum Certain*" against Defendants "pursuant to Rule 55(a)." (Pl. Mot., ECF No. 15 at 1 (emphasis in original).) Plaintiff appears to conflate Rule 55(a), which governs the Clerk of Court's entry of default, with Rule 55(b)(1), which "permits entry of judgment by the clerk of court, without involvement of a judge, in circumstances where 'the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not an infant or incompetent person.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 n.17 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, a motion under Rule 55(b)(1) would be improper—*i.e.*, Plaintiff's claim "does not become a claim for a sum certain simply because he specified the amount of damages in the complaint or his supporting affidavit." *See Alexandru v. Brown*, No. 11-CV-2157 (CBA)(LB), 2012 WL 2319246, at *4 (E.D.N.Y. Feb. 16, 2012), *adopted by* 2012 WL 2320792 (E.D.N.Y. June 19, 2012) (denying Rule 55(b)(1) motion because "general allegations of damages arising from [a cause of action]" require plaintiff to "follow the procedures set forth in Rule 55(b)(2) in order to obtain a default judgment"). Here, the Complaint does not allege a sum certain, and the motion papers do not include affidavits from fact witnesses (*i.e.*, Plaintiff) to support the requested damages. *Cf. Martinez v. 2009 Bamkp Corp.*, No. 18-CV-7414 (GBD)(KNF), 2019 WL 7708607, at *1 (S.D.N.Y. Dec. 10, 2019), *adopted by* 2020 WL 409691 (S.D.N.Y. Jan. 23, 2020) (granting Rule 55(b)(1) motion for a sum certain where plaintiffs submitted their affidavits, detailed damages calculations spreadsheets, and detailed records showing attorneys' fees and costs). Therefore, as "[i]n all other cases," including this one, Rule 55(b)(2) governs the motion, under which the Court exercises discretion "to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 & n.17.

5

In any event, as discussed below, Plaintiff's motion contains procedural and substantive deficiencies that make default judgment inappropriate. *First*, Plaintiff has failed to comply with the statutory requirement under the Servicemembers Civil Relief Act to show that Safaryan is not in military service. *Second*, the Complaint fails to state an FLSA cause of action because it fails to plausibly allege that Plaintiff is an individual engaged in interstate commerce or that Neuhaus is an enterprise engaged in interstate commerce. As a result, the Court's discretionary exercise of supplemental jurisdiction over Plaintiff's NYLL claims is not warranted. Instead, Plaintiff should be granted leave to amend the Complaint to correct the deficiencies identified herein.

**B.     Non-Compliance with the Servicemembers Civil Relief Act**

Pursuant to the Servicemembers Civil Relief Act ("SCRA"), "[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza v. Eagle Masonry Corp.*, No. 20-CIV-452 (AMD)(VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (citing *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)); *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Failure to comply with these

requirements is sufficient to deny default judgment. *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Here, Plaintiff does not establish his compliance with the SCRA. *First*, Plaintiff fails to establish that Safaryan was not a member of the armed forces at the time he was served with process. As noted, the process server served the summons and Complaint on Safaryan via "nail and mail" service after three unsuccessful attempts at personal service. (*See* Aff. of Service, ECF Nos. 10 & 16-3.) According to the process server, he "was unable to confirm [Safaryan's] place of employment or work habits" because "admittance could not be obtained upon reasonable application or a person of suitable age and discretion found who would receive" process. (*Id.*) In other words, the process server did not speak with Safaryan or any other person while serving the summons and Complaint, and Plaintiff does not proffer any other information about the process server's attempts to confirm Safaryan's military status before Plaintiff requested default. On this record, the Court cannot find compliance with the SCRA. *See Lopez*, 2022 WL 18809176, at *5.

*Second*, Plaintiff offers no facts to show any of his own efforts to determine whether Safaryan is a servicemember. Plaintiff's counsel's affidavit submitted with the motion papers states, "According to the process server's Affidavit of Service filed on the Court's docket, the Defendant failed to develop any information that he is in active military service of the United States upon being effectuated with service of process. It is respectfully submitted that [Safaryan] is not in the military nor dependent upon anyone in the military." (Scher Aff., ECF No. 16 ¶ 8.) This statement ignores the fact that on default, it is Plaintiff's burden, not Safaryan's, to "develop any information" regarding Safaryan's military service and to present

7

it to the court. *See* 50 U.S.C. § 3931(b)(1) ("the court . . . shall require *the plaintiff* to file" an affidavit) (emphasis added). Further, the affidavit "fail[s] to offer facts to support this latter conclusory statement or show that any investigation into [Safaryan's] military status had been conducted since attempting to serve process" in this case. *Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-CIV-1104 (RPK)(VMS), 2021 WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021).[4]

Because Plaintiff fails to demonstrate compliance with the SCRA, the Court respectfully recommends that the motion for default judgment should be denied.

### C. FLSA Liability

Even if Plaintiff had met his burden to comply with the SCRA, the default motion should be denied for substantive reasons.

To establish a minimum wage or overtime claim under the FLSA, the "plaintiff must prove the following: (1) the defendant is an employer subject to [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of [the] FLSA; and (3) the employment relationship is not exempted from the FLSA." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019) (cleaned up), *adopted by* Order Adopting R. & R., *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB) (E.D.N.Y. Mar. 31, 2020); 29 U.S.C. §§ 206(a), 207(a).

An employer includes "any person [*e.g.*, an individual or a corporation] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a),

---

[4] "Plaintiff's burden in this regard is not a heavy one, as the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty." *Pinela Jurado*, 2021 WL 11690645, at *7; *see also Morales*, 2023 WL 375647, at *5 n.3 ("It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website."); https://scra.dmdc.osd.mil/scra/#/home (website for free requests).

8

(d). "For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *adopted by* Order Adopting R. & R., *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207. These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively. *Sanchez v. Ms. Wine Shop*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022). To properly allege individual or enterprise coverage, a plaintiff needs to state the nature of his work and the nature of his employer's business with straightforward allegations connecting that work to interstate commerce. *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK)(SJB), 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021), *adopted by* 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021). Failure to properly plead either individual or enterprise coverage warrants denial of a motion for default judgment. *Id.* at *5.

Here, Plaintiff does not plead individual coverage and fails to properly plead enterprise coverage, thus warranting a denial of the motion for default judgment.

1. **Individual Coverage**

"Individual coverage under [the] FLSA can be established where the employee is engaged in commerce or produced goods in commerce." *Alvarado v. J.A. Vasquez Landscaping Corp.*, No. 20-CV-4005 (MKB)(SJB), 2022 WL 17775252, at *2 (E.D.N.Y. Feb. 9, 2022). "Employees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among several States or

between any State and any place outside thereof." 29 C.F.R. § 779.103. "As a basic rule, if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA." *Santacruz*, 2021 WL 4341103, at *4. Further, "[a]n employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting or in another manner working on such goods." 29 U.S.C. § 203(j). "Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce," "workers who order, receive, pack, ship, or keep records of such goods," "clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication," and "employees who regularly travel across State lines while working." 29 C.F.R. § 779.103.

Here, "[n]owhere in the Complaint [or the default motion papers] are there allegations that Plaintiff was engaged in commerce or the production of goods for commerce." *Oyenuga v. Presidential Sec. Servs. LLC,* No. 22-CV-4972 (DG)(RER), 2023 WL 7687237, at *3 n.2 (E.D.N.Y. Sept. 25, 2023). The Complaint does not allege, even in a conclusory fashion, that Plaintiff was involved with the movement of materials among or between states or that he had any contact with any out-of-state customers or businesses. The Complaint only states that Plaintiff was employed as a "roofer, bricklayer, and concrete mixer while performing related miscellaneous duties," (Compl., ECF No. 1 ¶ 19), and fails to offer additional facts, such as where the tools or the materials came from, the site locations at which Plaintiff worked, or whether any travel outside of New York was required. *See, e.g.*, *Tenemaza*, 2021 WL 8317120, at *7 ("How bricklaying involves or relates to the movement of things between or

among the States is not evident from the allegations; by its nature, it is a stationary activity. Plaintiff fails to provide any information about the bricks, mortar or other supplies he used in his work so as to allege that they had moved in interstate commerce."). Additionally, Plaintiff has not submitted an affidavit to provide additional facts, thus making it impossible for the Court to ascertain what his "miscellaneous duties" entailed—*e.g.*, whether he helped pack or handle goods that were shipped or delivered outside of the state, regularly used the telephone or other means for interstate communication, or regularly traveled across states lines for during his security guard shifts. *See* 29 C.F.R. § 779.103. Instead, Plaintiff's barebones allegations, "without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." *Santacruz*, 2021 WL 4341103, at *4.

Accordingly, Plaintiff has failed to establish individual coverage under the FLSA.

### 2.     Enterprise Coverage

An employer is an "enterprise engaged in commerce or in the production of goods for commerce" subject to the FLSA when the employer: (1) "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an "annual gross volume of sales made or business done . . . not less than $500,000[.]"  29 U.S.C. § 203(s)(1)(A)(i)–(ii); *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR)(VMS), 2020 WL 6370148, at *10 (E.D.N.Y. Aug. 11, 2020) ("*Guanglei I*"), *adopted by* 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) ("*Guanglei II*").

"On default, a plaintiff's allegations are sufficient to subject a defendant to FLSA liability as long as one may reasonably infer that a business was an 'enterprise engaged in

11

commerce.'" *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB), 2023 WL 2542702, at *5 (E.D.N.Y. Feb. 14, 2023) (quoting *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015)), *adopted by* Order Adopting R. & R., *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB) (E.D.N.Y. Mar. 16, 2023). Here, however, the Complaint fails to assert sufficient facts regarding Defendants' status as an enterprise engaged in interstate commerce. Specifically, Plaintiff only asserts that Neuehaus "(i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person[;] and (ii) has had annual gross volume of sales of not less than $500,000.00." (Compl., ECF No. 1 ¶ 18.) These conclusory allegations are no more than a rote recitation of the statutory language. Plaintiff fails to provide any description regarding the nature of Neuehaus's business, and the Court cannot reasonably infer from Neuehaus's name or other factual allegations in the Complaint whether Neuehaus's business connects to interstate commerce. *See Salamanca v. ABC Corp.*, No. 19-CV-1335 (RRM)(SIL), 2019 WL 8807843, at *4 (E.D.N.Y. Oct. 30, 2019), *adopted by* 2020 WL 2542497 (E.D.N.Y. May 18, 2020) (denying default judgment because complaint recited FLSA's statutory elements verbatim "without any description of Defendants' business operations," while also alleging that defendant was landscaping company); *cf. Avila v. Velasquez Constr. Corp.*, No. 22-CV-2606 (DG)(CLP), 2023 WL 5979180, at *4 (E.D.N.Y. June 30, 2023) (accepting plaintiff's conclusory allegation that corporate defendant whose name included the word "construction" was engaged in interstate commerce). The Court also declines to make the inferential leap from Plaintiff's job duties as

12

a "roofer, bricklayer, and concrete mixer," with no additional details, to the conclusion that Neuehaus was a construction company.

In sum, Plaintiff has not adequately alleged that Neuehaus is an enterprise subject to the FLSA. Accordingly, the Court respectfully recommends that the motion for default judgment should be denied as to Plaintiff's FLSA claims.

### D. NYLL Claims

Plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction for the NYLL claims. (Compl., ECF No. 1 ¶¶ 3–4.) Because Plaintiff failed to demonstrate an element of his FLSA claims, only the NYLL claims remain. "Whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 'is within the sound discretion of the district court.'" *Hosseini v. Miilkiina LLC*, No. 22-CV-1459 (LJL), 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013)). "[A] court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves 'judicial economy, convenience, fairness and comity.'" *Guanglei II*, 2020 WL 5105063, at *3 (citing 28 U.S.C § 1367(c) ("district courts *may* decline to exercise supplemental jurisdiction") (emphasis added)).

"'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point towards declining to exercise jurisdiction over the remaining state law claims.'" *Singh v. Mowla*, No. 19-CV-4687 (PKC)(LB), 2022 WL 17820099, at *8 (E.D.N.Y. Sept. 30, 2022) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Such is the case here, where "[d]eclining to exercise

13

supplemental jurisdiction at this stage just means [the Court chooses] not to decide the merits of [Plaintiff's] NYLL claims against the corporate defendant[s] in this opinion to avoid '[n]eedless decisions of state law.'" *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203 (CBA)(SJB), 2023 WL 2347885, at *6 (E.D.N.Y. Mar. 3, 2023) (citing *Guanglei II*, 2020 WL 5105063, at *3 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))). "[I]f Plaintiff is able to adequately plead [his] claims . . . judicial economy will be better served by a decision that addresses both the federal and state claims." *Hosseini*, 2023 WL 2136390, at *7.

Accordingly, the Court respectfully recommends that the remaining state law claims should be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 15 should be **denied without prejudice**. The Court further recommends that Plaintiff should be granted thirty days to file an amended complaint that cures the deficiencies noted herein.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following address forthwith: Neuehaus Studios Inc., 25 Ten Eyck Street, Apt. 4, Brooklyn, NY 11206; and Hayk Safaryan, 25 Ten Eyck Street, Apt. 4, Brooklyn, NY 11206.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Morrison. If a

party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 26, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

15