UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOSE MANUEL NAMINA TENE, *individually and* :
*on behalf of all others similarly situated*,                 :
                                                              :
                                    Plaintiff,     :          **REPORT &**
                                                   :          **RECOMMENDATION**
              -against-                            :
                                                   :          23-CV-2040 (NRM)(MMH)
NEUEHAUS STUDIOS INC. and HAYK             :
SAFARYAN, *as an individual*,                      :
                                                   :
                                    Defendants.    :
                                                   :
------------------------------------------------------------- x
**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Jose Manuel Namina Tene sued Defendants Neuehaus Studios Inc.

("Neuehaus") and Hayk Safaryan, alleging violations of the Fair Labor Standards Act (the

"FLSA"), 29 U.S.C. §§ 201 *et seq.* individually and on behalf of others similarly situated, and

the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* (*See generally*

Am. Compl., ECF No. 24.)[1]  The Court denied Plaintiff's first motion for default judgment "in

a sum certain," pursuant to Federal Rule of Civil Procedure 55(a). *Tene v. Neuehaus Studios*

*Inc.*, No. 23-CV-2040 (NRM)(MMH), 2024 WL 1270816 (E.D.N.Y. Mar. 26, 2024), *adopted*

*by* Order Adopting R. & R., *Tene v. Neuehaus Studios Inc.*, No. 23-CV-2040 (NRM)(MMH)

(E.D.N.Y. Sept. 20, 2024).  Before the Court is Plaintiff's second motion for default judgment

"in a sum certain," this time pursuant to Rule 55(b)(2).[2]  (*See generally* Mot., ECF No. 33.)

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the
ECF header unless otherwise noted.

[2] Plaintiff includes a notice of motion (Mot., ECF No. 33); the declaration of Roman Avshalumov,
Esq. (Avshalumov Decl., ECF No. 34) and its fourteen supporting exhibits (Avshalumov Decl.,

The Honorable Nina R. Morrison referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Plaintiff's second motion for default judgment should be **granted in part**.

## I.    BACKGROUND

### A.    Factual Allegations

The following facts are taken from the Amended Complaint and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Neuehaus is a New York corporation with its principal place of business located at 25 Ten Eyck Street, Brooklyn, New York. (Am. Compl., ECF No. 24 ¶ 11.) Safaryan is the owner and operator of Neuehaus and is responsible for overseeing its daily operations, including ordering materials, goods, and products, and making personnel, payroll, hiring and firing decisions. (*Id.* ¶¶ 16–19.) Plaintiff was employed by Defendants to work at construction sites as a "roofer, bricklayer, and concrete mixer while performing other related miscellaneous duties" from approximately November 2020 until November 2021. (*Id.* ¶¶ 24, 40, 46.)

Plaintiff alleges that he worked five days a week, from about 7:00 a.m. until 5:00 p.m. each day, for a total of 50 hours per week. (*Id.* ¶ 47.) Plaintiff was paid a flat rate of $38.00 per hour, regardless of the number of hours worked per week. (*Id.* ¶¶ 48–49.) He was paid up to 40 hours per week by direct deposit based on Defendants' estimates of his hours worked.

Exs. A–N, ECF Nos. 34-1 through 34-14); Plaintiff's affidavit (Pl. Aff., ECF No. 34-12); a memorandum of law (Mem., ECF No. 35); and an affidavit of service of the motion papers. (Aff. of Service, ECF No. 36.) The Court finds that the motion papers comply with the Local Civil Rules. *See Hernandez v. J & M Corona Deli Corp.*, No. 23-CV-9120 (RER)(PK), 2025 WL 2597767, at *4 (E.D.N.Y. Aug. 13, 2025) (listing similar submissions as compliant with the Local Civil Rules), *adopted by* 2025 WL 2591538 (E.D.N.Y. Sept. 8, 2025).

(*Id.* ¶¶ 51–52.)  Plaintiff alleges that he was not paid overtime for hours worked over 40 hours in a work week.  (*Id.* ¶ 49.)  Plaintiff further alleges that he was not compensated at all during his last four weeks of employment in November 2021.  (*Id.* ¶ 50.)  Finally, Plaintiff alleges that he was not provided with a written wage notice, in English and Spanish (his primary language), and wage statements.  (*Id.* ¶¶ 53, 55, 57–58.)

## B.    Procedural History

Plaintiff initiated this suit against Defendants in March 2023, alleging failure to pay overtime wages under the FLSA and NYLL; failure to pay wages under the FLSA and NYLL; and failure to provide wage statements and wage notices under the NYLL.  (*See* Compl., ECF No. 1 ¶¶ 43–67.)  Plaintiff served process on Neuehaus in March 2023 and on Safaryan in May 2023.  (Affs. of Service, ECF Nos. 9–10.)  At Plaintiff's request, after Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on June 29, 2023.  (Entry of Default, ECF No. 13.)

In August 2023, Plaintiff moved for default judgment.  (1st Mot., ECF No. 15.)  The Court denied the motion without prejudice due to procedural and substantive deficiencies and granted Plaintiff leave to amend.  *Tene*, 2024 WL 1270816, at *6.  In October 2024, Plaintiff filed an Amended Complaint and served the summons and Amended Complaint on Neuehaus through the New York Secretary of State.  (Am. Compl., ECF No. 24; Aff. of Service, ECF No. 27.)  Plaintiff subsequently served the summons and Amended Complaint on Safaryan in November 2024 by delivering them to Safaryan's co-tenant at Safaryan's last known address. (Aff. of Service, ECF No. 28.)  After Defendants still failed to appear or otherwise respond to Plaintiff's allegations, the Clerk of Court entered default against them on December 5, 2024. (Entry of Default, ECF No. 31.)

Plaintiff then filed the instant motion on January 2, 2025, seeking damages, including unpaid overtime wages, unpaid wages during his last four weeks of employment, liquidated damages, statutory damages, and post-judgment interest. (*See generally* Mot., ECF No. 33; Mem., ECF No. 35 at 20–26.) On the same day, Plaintiff mailed a copy of the motion papers to the same Brooklyn address for both Defendants. (Aff. of Service, ECF No. 36.) Less than two weeks later, bankruptcy counsel for Safaryan filed a notice of bankruptcy and the Court stayed the case against him. (ECF No. 37; Jan. 17, 2025 Order Staying Case.) Judge Morrison referred the second motion for report and recommendation. (Jan. 29, 2025 Order Referring Mot.) On August 25, 2025, the Court ordered Plaintiff to show cause why the motion should not be denied without prejudice due to Safaryan's bankruptcy because Plaintiff alleged joint and several liability against both Defendants. (Aug. 25, 2025 Order.) Plaintiff responded on September 2, 2025, stating his intention to dismiss claims against Safaryan and to proceed with the second motion for default judgment against Neuehaus only. (ECF No. 40.) To date, Defendants have not appeared in this case or responded to Plaintiff's motion.

## II.    STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2);

*Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).[3]

Because Plaintiff withdrew his request for default judgment against Safaryan in favor of voluntary dismissal, the Court's analysis addresses Neuehaus only.

## III.  JURISDICTION & VENUE

### A.  Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*,

---

[3] As in the first motion, Plaintiff again purportedly seeks default judgment "in a sum certain," but this time cites to Rule 55(b)(2). (*See* Mot., ECF No. 33.) Because Plaintiff concedes that Rule 55(b)(2) governs the motion, the Court will exercise discretion "'to determine the amount of damages or establish the truth of the plaintiff's allegations.'" *Tene*, 2024 WL 1270816 at *2 (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 n.17 (2d Cir. 2011)).

No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021) (citing *Mickalis Pawn Shop*, 645 F.3d at 125–27).  The Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).  28 U.S.C. § 1331.  The Court may also exercise supplemental jurisdiction over Plaintiff's NYLL claims because they arise out of the same facts and circumstances as the FLSA claims.  *Id.* § 1367(a); *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *3 (E.D.N.Y. Sept. 14, 2024) (cleaned up), *adopted by* 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024).

### B.    Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."  *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendants must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Court has personal jurisdiction over Neuehaus.  *First,* Plaintiff properly served Neuehaus by delivering a copy of the Summons and Amended Complaint to the New York Secretary of State.  (Aff. of Service, ECF No. 27.)  This method of service on a corporation complies with federal and state procedural rules.  Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1).  *Second*, the Court also has general jurisdiction over Neuehaus because it is a New York corporation doing business in New York. *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3

(E.D.N.Y. Aug. 3, 2018), *adopted by* 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) and N.Y. C.P.L.R. § 301). *Third*, "[s]ince jurisdiction is proper for [Neuehaus] under [the] CPLR, the Court's exercise of personal jurisdiction comports with constitutional due process." *Francis*, 2018 WL 4292171, at *3. Neuehaus therefore "has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" and "it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60 (citation omitted).

### C.    Venue

"A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is proper in this district because the failure to pay wages alleged in the Amended Complaint occurred while Plaintiff worked in Brooklyn, New York. (Am. Compl., ECF No. 24 ¶ 1.)

## IV.    <u>DEFAULT JUDGMENT FACTORS</u>

Courts apply the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH), 2025 WL 832730, at *5 (E.D.N.Y. Mar. 18, 2025) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)), *adopted by* Order Adopting R. & R., *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH) (E.D.N.Y. Mar 31, 2025), *as amended by* Am. Order Adopting R. & R., *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502 (PKC)(MMH) (E.D.N.Y. Apr. 9, 2025). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*,

No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

Here, all three factors weigh in Plaintiff's favor. *First*, "[Neuehaus's] non-appearance and failure to respond to the [Amended] Complaint or otherwise appear indicate willful conduct." *See Tambriz v. Taste & Sabor, LLC*, 577 F. Supp. 3d 314, 321 (E.D.N.Y. 2021). *Second*, without an answer to the Amended Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y Sept. 17, 2021). *Third*, Plaintiff will be prejudiced if the motion for default judgment is denied because "there are no additional steps available to secure relief in this Court." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474 (EK)(SJB), 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022) (cleaned up), *adopted by* 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022). Based on the foregoing, entry of default judgment is permissible.

## V.    LIABILITY

### A.    Statute of Limitations

"The limitations period for FLSA claims is two years, 'except that a cause of action arising out of a willful violation may be commenced within three years.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting 29 U.S.C. § 255(a)). "When a defendant defaults, the violation is considered willful and the three-year statute of limitations applies." *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH), 2023 WL 6338666, at *5 (E.D.N.Y. Sept. 29, 2023) (cleaned up), *adopted by* Order Adopting R. & R., *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV)(MMH) (E.D.N.Y. Nov. 30, 2023). In contrast, the

NYLL establishes a six-year limitations period for wage claims.  N.Y. Lab. Law §§ 198(3), 663(3).  The statute of limitations begins to run when an employee begins to work for the employer.  *Esquivel*, 2023 WL 6338666, at *5.  Plaintiff began working for Neuehaus in November 2020 and commenced this action on March 16, 2023.  (Am. Compl., ECF No. 24 ¶¶ 7, 18.)  In light of Neuehaus's default, Plaintiff may recover under the FLSA and the NYLL for all claims that accrued throughout his employment.

### B.    FLSA Coverage

To establish a minimum wage or overtime claim under FLSA, the "plaintiff must prove the following: (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA."  *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 WL 4271234, at *7 (E.D.N.Y. Sept. 19, 2024) (cleaned up), *adopted by* Order Adopting R. & R., *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH) (E.D.N.Y. Dec. 5, 2024); 29 U.S.C. §§ 206(a) & 207(a).

### 1.    Employer Subject to the FLSA

The Complaint alleges that Neuehaus was Plaintiff's employer within the meaning of the FLSA.  (Am. Compl., ECF No. 24 ¶ 14.)  An employer includes, "any person [*e.g.*, an individual or a corporation] acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(a), (d).  "[F]or employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce."  *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *adopted by* Order Adopting R. & R., *Marine v. Vieja Quisqueya*

*Rest. Corp.*, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207.  These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively.  *Sanchez v. Ms. Wine Shop, Inc.*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022).

The enterprise coverage test considers whether the employer has employees "engaged in commerce or in the production of goods for commerce," *i.e.*, it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done . . . not less than $500,000."  29 U.S.C. § 203(s)(1)(A)(i)–(ii); *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180 (AMD)(PK), 2022 WL 1018791, at *6 (E.D.N.Y. Mar. 16, 2022), *adopted by* 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022).  Here, the Amended Complaint states, in a conclusory fashion, that Neuehaus is Plaintiff's employer within the meaning of the FLSA because it "has had employees engaged in commerce or in the production of goods for commerce, and handle[s], sell[s] or otherwise work[s] on goods or material that have been moved in or produced for commerce by any person" and "has had annual gross volume of sales of not less than $500,000.00."  (Am. Compl., ECF No. 24 ¶ 15.)  However, the Amended Complaint also alleges that: (1) "Defendants . . . own massive quantities of bricks, sand, cement, and other related materials, that the Plaintiff worked with daily to perform his work for the Defendants at [Neuehaus]"; (2) "at the beginning of each work week, [Defendants] purchased these large quantities of bricks, sand, cement, and other related materials through channels of interstate commerce, from suppliers and other sources that are located outside the State of New York"; (3) "[t]hese various materials were then imported by the Defendants each week to their place of business located within the State of New York, then

delivered by the Defendants to their place of business, by large trucks, tractors, cranes, and excavators, which are also owned by the Defendants, and which were also purchased through channels of interstate commerce and from suppliers or vendors that are located outside of the State of New York"; (4) "[a]t all relevant times hereto, the above-referenced materials, machinery, and assets were and are purchased and owned by the Defendants and were used by the Plaintiff to perform his work for the benefit of the Defendants"; and (5) approximately 20 employees at Neuehaus "perform the same work as Plaintiff at approximately [10] or more different construction sites located throughout New York City, with each job generating in excess of $100,000.00 in revenue for the Defendants." (*Id*. ¶¶ 20–24.) These facts establish that Neuehaus engaged in the construction industry and, as a matter of law, operated in interstate commerce for purposes of the FLSA's enterprise coverage requirement. *Tzilin v. Jimmy G Constr. Corp.*, No. 23-CV-4047 (ENV)(MMH), 2024 WL 4309775, at *6 (E.D.N.Y. Sept. 26, 2024) ("[C]ourts in this District have routinely inferred, even absent specific allegations, that companies engaged in the construction industry are engaged in interstate commerce.") (cleaned up), *adopted by* Order Adopting R. & R., *Tzilin v. Jimmy G Constr. Corp.*, No. 23-CV-4047 (ENV)(MMH) (E.D.N.Y. Jan. 15, 2025).[4]

## 2. Employee Subject to the FLSA

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "Two types of employees are covered: (1) 'employees who in any workweek [are] engaged in commerce or in the production of goods for commerce;' and (2)

---

[4] Because Plaintiff's allegations are sufficient to establish FLSA enterprise coverage, the Court does not address individual coverage.

employees who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR)(RER), 2021 WL 4464121, at *9 (E.D.N.Y. Aug. 20, 2021), *adopted by* 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021) (quoting 29 U.S.C. § 207(a)(1)).  The FLSA does not extend to employees who are exempt from its minimum wage and overtime requirements. *See* 29 U.S.C. § 213(a) (listing multiple exemptions).  Whether a plaintiff-employee's activities fall under such exemptions is a question of law. *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012).

Plaintiff's factual allegations establish that, as a matter of law, he is engaged in non-exempt employment under the FLSA.[5]  Specifically, the Amended Complaint alleges that Plaintiff was employed as "a roofer, brick layer, and concrete mixer" to perform work at Neuehaus's construction sites.  (Am. Compl, ECF No. 24 ¶¶ 24, 40.)  As a matter of law, "[c]onstruction workers are non-exempt employees under the FLSA." *Romero v. Floris Constr., Inc.*, No. 16-CV-4282 (PKC)(RLM), 2017 WL 5592681, at *5 (E.D.N.Y. Nov. 20, 2017) (citing *Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982, 2016 WL 5800473, at *3–5 (S.D.N.Y. Oct. 2, 2016)), which in turn cites 29 U.S.C. § 213(a)(1)); *see also* 29 C.F.R. § 541.23 ("The [§ 213](a)(1) exemptions . . . do not apply to manual laborers . . . .  Thus, for example, non-management production-line employees and non-management employees in . . . construction and similar occupations such as . . . construction workers and laborers are entitled to minimum wage and overtime premium pay under the [FLSA], and are not exempt

---

[5] Neuehaus has not appeared in this case to assert or offer any facts to support a finding that Plaintiff is an exempt employee. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013) ("A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim.") (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974) and *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991)).

under the regulations in this part no matter how highly paid they might be."). The Court does not find any basis for exempting Plaintiff's employment relationship from the FLSA's provisions. Accordingly, Plaintiff qualifies for the protections of the FLSA.

### C.    NYLL Coverage

In order to plead a NYLL claim, Plaintiff "must establish that [the] employment relationship with Defendant[] falls within the NYLL, which applies to 'any person employed for hire by an employer in any employment.'" *Perry*, 2022 WL 1018791, at *7 (quoting N.Y. Lab. Law § 190). "Under the New York Labor Law, the definition of employee and employer are nearly identical as those under the FLSA, though the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Solis*, 2024 WL 4271234, at *8; *see* N.Y. Lab. Law §§ 651(5)–(6). Additionally, "[u]nder the NYLL, an employee-employer relationship is established through 'the degree of control exercised by the purported employer' over the employee." *Brito v. Marina's Bakery Corp.*, No. 19-CV-828 (KAM)(MMH), 2022 WL 875099, at *8 (E.D.N.Y. Mar. 24, 2022) (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013)). The Court has already determined that Neuehaus is Plaintiff's employer within the meaning of the FLSA. (*See* § V.B.1., *supra*.) "Because the NYLL's definition of 'employer' is coextensive with the FLSA's definition . . . [Neuehaus is] Plaintiff's employer[] within the meaning of the NYLL" as well. *Perry*, 2022 WL 1018791, at *7. Therefore, Plaintiff qualifies for the protections of the NYLL.

### D.    Statutory Violations

In the Amended Complaint, Plaintiff alleges that Neuehaus violated the FLSA and NYLL provisions related to overtime wages and unpaid wages (Counts 1 through 4) and the

NYLL provisions related to wage notices and wage statements (Counts 5 and 6).  (*See* Am. Compl., ECF No. 24 ¶¶ 76–100.)

1.    **FLSA & NYLL Overtime Wages (Counts 1 & 2)**

The FLSA requires that "'for a workweek longer than forty hours,' an employee working 'in excess of' forty hours shall be compensated for those excess hours 'at a rate not less than one and one-half times the regular rate at which [she or] he is employed.'"  *Dejesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 88 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)).  The NYLL includes the same requirement, providing that eight hours constitutes a "legal day's work."  N.Y. Lab. Law § 160.  For non-hospitality workers such as Plaintiff, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate" for "working time over 40 hours each workweek."  12 N.Y.C.R.R. § 142-2.2.  "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy v. Catholic Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013).  "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Nakahata v. New York-Presbyterian Health Care Sys., Inc*., 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiff sufficiently establishes that Neuehaus failed to pay him the requisite overtime wages.  Plaintiff specifies that he regularly worked 50 hours per week but was paid a flat hourly rate without regard for the number of hours worked, and that Neuehaus did not pay him at a rate of time and a half (1.5) for any of his 10 hours regularly worked over 40 each work week.  (Am. Compl., ECF No. 24 ¶¶ 48, 54.)  The Court therefore respectfully recommends that Neuehaus should be liable for failure to pay overtime wages under both the FLSA and NYLL.

**2.    FLSA & NYLL Unpaid Wages (Counts 3 & 4)**

Under the FLSA and the NYLL, "[a]n employer may not pay an employee less than the statutory minimum wage for each hour the employee worked in any week." *McLaughlin*, 2024 WL 4184485, at *9 (cleaned up). "An employee bringing an action for unpaid minimum wages under the FLSA and the NYLL has the burden of proving that he performed work for which he was not properly compensated." *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 41 (E.D.N.Y. 2015) (cleaned up). "A plaintiff may sufficiently establish FLSA or NYLL minimum wage violations through an affidavit or declaration stating the number of hours worked." *Brito*, 2022 WL 875099, at *10. "If the defendant has defaulted, however, the court may presume that the plaintiff's recollection and estimates of the hours he or she worked are accurate." *Tzilin*, 2024 WL 4309775, at *9 (cleaned up).

Plaintiff establishes that Neuehaus failed to pay him during some of his employment because he alleges that he "was not compensated at all by the Defendants for his last four (4) weeks of employment." (Am. Compl., ECF No. 24 ¶ 50.) In other words, Plaintiff was not paid the minimum wage for each hour worked during his last four weeks of employment at Neuehaus. "Because [Plaintiff was] paid $0 per hour, [he has] established Defendant's liability for failure to pay minimum wages under both the FLSA and the NYLL." *Sanchez v. Hyper Structure Corp.*, No. 19-CV-4524 (KAM)(PK), 2023 WL 2815717, at *8 (E.D.N.Y. Feb. 24, 2023), *adopted as modified sub nom. by Sanchez v. Trescly*, No. 19-CV-4524 (KAM)(PK), 2023 WL 2473070 (E.D.N.Y. Mar. 13, 2023). Accordingly, the Court respectfully recommends that Neuehaus should be liable for violating the FLSA's and NYLL's unpaid wages provisions.

### 3.    NYLL Wage Notice & Wage Statements (Counts 5 & 6)

Pursuant to the New York Wage Theft Protection Act ("WTPA"), an employer must provide its employees, at the time of hiring, a written notice containing, *inter alia*, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;" "the regular pay day designated by the employer;" and the employer's address and telephone number.  N.Y. Lab. Law § 195(1)(a).  The WTPA also requires employers to "provide employees with 'a statement with every payment of wages,' listing various information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked."  *Perry*, 2022 WL 1018791, at *8 (quoting N.Y. Lab. Law § 195(3)).

"[A] technical violation triggering a statutory damage award only confers Article III standing if the plaintiff demonstrates an actual and concrete injury resulting from that violation."  *Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929 (KAM)(RML), 2022 WL 18999832, at *6 (E.D.N.Y. Dec. 13, 2022) ("*Guthrie I*") (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)), *adopted as modified* 2023 WL 2206568 (E.D.N.Y. Feb. 24, 2023)) ("*Guthrie II*"), *aff'd* 113 F.4th 300, 310–11 (2d Cir. 2024) ("*Guthrie III*").   "To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).   To plausibly allege a WTPA violation, "a plaintiff must show some causal connection between the lack of accurate

notices and the downstream harm," *Guthrie III*, 113 F.4th at 308, and "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 307 (quoting *TransUnion*, 594 U.S. at 442, which in turn quotes *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)).  In other words, a plaintiff "must support a plausible 'theory as to *how* he was injured by [the] defendants' failure to provide the required documents.'" *Tzilin*, 2024 WL 4309775, at *11 (quoting *Guthrie III*, 113 F.4th at 309).

"In the wake of *Guthrie* [*III*], [c]ourts in this Circuit are in agreement that a plaintiff has standing if they plausibly allege that, by failing to provide the required wage statements, the employer was able to hide its violations of wage and hour laws and thus prevent the employee from determining and seeking payment for the precise amount of his unpaid wages." *Zambrano v. Envios Espinoza, Inc.*, No. 22-CV-3031 (OEM) (SIL), 2025 WL 1808694, at *12 (E.D.N.Y. July 1, 2025) (citing *Roma v. David Carmili, Physician, P.C.*, 761 F. Supp. 3d 481, 490 (E.D.N.Y. 2024) (collecting cases)).  The allegations of the Amended Complaint establish that Neuehaus's failure to provide hiring notices and wage statements to Plaintiff caused him a tangible injury.  *Guthrie II*, 2023 WL 2206568, at *6.  Plaintiff alleges that Neuehaus failed to provide Plaintiff with: (1) "a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information," (2) "wage statements upon each payment of his wages," (3) "a wage notice at the time of his hire or at any time during his employment," and (4) "an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid." (Am. Compl., ECF No. 24 ¶¶ 57–58, 60–61.)  Plaintiff further alleges that, as a result, he "suffered a concrete harm," specifically his "inability to identify [his] employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have [been] receiving

17

for his regular hours and overtime hours, terms, and conditions of his pay, and . . . an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not," and that he was not "able to calculate his hours worked and proper rates of pay, and [to] determine if he was being paid time-and-a-half for his overtime hours[.]"  (*Id.* ¶¶ 62–63.)  Plaintiff sufficiently establishes Article III standing when he alleges that the denial of the statutory right to wage notices and wage statements ultimately resulted in his inability to determine that he was not properly paid. *See, e.g.*, *Stih v. Rockaway Farmers Mkt., Inc.*, No. 22-CV-3228 (ARR)(RER), 2023 WL 2760492, at *7 (E.D.N.Y. Apr. 3, 2023) (plaintiff alleged that failure to provide him with proper wage notices injured him by "denying him the right to be adequately apprised of the terms and conditions of his employment," including allowances defendants purported to claim against his salary).

The Court thus respectfully recommends that Neuehaus should be liable for violations of the NYLL's wage notice and wage statement provisions.

## VI.  **DAMAGES**

As Neuehaus's liability has been established, the Court turns to evaluate damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Bricklayers*, 779 F.3d at 189 (cleaned up).  "On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'"  *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB), 2021 WL 7906551, at *8 (E.D.N.Y. Aug. 24, 2021) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999)), *adopted by* Order Adopting R. & R., *Ramah v. 138 Hillside Ave Inc.*, No. 20-CV-3317 (LDH)(LB) (E.D.N.Y. Sept. 16, 2021).

"That being said, because under [the] FLSA 'the burden is on an employer properly to record hours,' a 'plaintiff need not compute FLSA damages with precision.'" *Lopez v. Royal Thai Plus*, *LLC*, No. 16-CV-4028 (NGG)(SJB), 2018 WL 1770660, at *9 (E.D.N.Y. Feb. 6, 2018) (quoting *Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x 19, 20–21 (2d Cir. 2002)), *adopted by* 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018). "Under the FLSA framework, if an employer fails to keep records of work performed, a court may then award damages to the employee, even though the result may be only approximate." *Brito*, 2022 WL 875099, at *15; *see also Perry*, 2022 WL 1018791, at *3 ("In the context of a motion for default judgment on FLSA and NYLL claims, the plaintiff's recollection and estimates of hours worked are presumed to be correct.") (cleaned up).

Where a plaintiff has sufficiently established claims under the FLSA and NYLL, that plaintiff is "not entitled to recover under both FLSA and NYLL for [backpay] earned during the same period." *Lopez*, 2018 WL 1770660, at *10. Rather, "[a] plaintiff may recover under the statute which provides the greatest amount of damages." *Brito*, 2022 WL 875099, at *9. Because the NYLL provides greater or equal recovery than the FLSA at all relevant times during Plaintiff's employment with Neuehaus, the Court will apply the NYLL for all damages calculations.

As described below, Plaintiff seeks unpaid wages and overtime pay, liquidated damages for unpaid wages, and post-judgment interest. (Mem., ECF No. 35 at 18–26.)[6]

---

[6] When the Court's calculations differ from Plaintiff's due to rounding or other discrepancies, the Court's calculations will govern. Further, although the proposed default judgment order requests attorneys' fees (*see* Avshalumov Decl. Ex. N, ECF No. 34-14 at 4), the default judgment motion papers do not offer any argument or evidence to support an award of attorney's fees. The Court

A.    **Overtime Pay**

Plaintiff seeks $32,082.86 in unpaid overtime wages.  (Avshalumov Decl., ECF No. 34 at 7; *id*. Ex. M, ECF No. 34-13 (damages chart); Mem., ECF No. 35 at 20–21.)

As noted, "[u]nder both the FLSA and NYLL, plaintiffs are entitled to overtime compensation of at least one and one-half times their regular hourly rate" for hours worked in excess of 40 hours per week.  *Brito*, 2022 WL 875099, at *16; *Dejesus*, 726 F.3d at 88; 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.  "Where a plaintiff is 'compensated below the statutory minimum wage under either [the FLSA or NYLL], the overtime fifty-percent premium is calculated based upon the applicable minimum wage not the plaintiff's actual pay rate.'"  *Brito*, 2022 WL 875099, at *16 (quoting *Guardado v. 13 Wall St., Inc*., No. 15-CV-2482 (DRH)(SIL), 2016 WL 7480358, at *10 (E.D.N.Y. Dec. 2, 2016), *adopted by* 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016)).  When a plaintiff is paid above the minimum wage, however, the "overtime compensation rate should be determined by multiplying [the] agreed upon wage rate by one and one-half."  *Marvici v. Roche Facilities Maint. LLC*, No. 21-CV-4259 (AS)(JLC), 2023 WL 5810500, at *7 (S.D.N.Y. Sept. 8, 2023), *adopted by* 2023 WL 6648902 (S.D.N.Y. Oct. 12, 2023).

As an initial matter, the Court must determine the applicable minimum wage rates under state, local, and federal law because Plaintiff is entitled to recover the highest minimum wage rate available at any given period of his employment.  29 U.S.C. § 218(a); *Brito*, 2022 WL 875099, at *9.  Under New York law, the applicable minimum wage rate is determined

---

construes this errant phrasing in the proposed judgment as a scrivener's error, and any request for attorneys' fees is deemed abandoned.

by the size and location of the employer and the dates of the plaintiff's employment.  N.Y.

Lab. Law § 652(1); 12 N.Y.C.R.R. § 142-2.1(a).  Plaintiff alleges that he was employed from

November 2020 until November 2021, and that Neuehaus employed at least 20 individuals.

(Am. Compl., ECF No. 24 ¶¶ 40, 24.)  During this period, the NYLL minimum wage rate was

$15.00 per hour for employers of any size located in New York City.  *See* N.Y. Lab. Law

§ 652(1)(a)(i)–(ii); 12 N.Y.C.R.R. § 142-2.1(a)(1)(i).  Because the state and local minimum

wage rate was higher than the federal minimum wage rate, Plaintiff is entitled to compensation

using the local minimum wage rate of $15.00 per hour.  *Compare* N.Y. Lab. Law § 652(1)(a)

(after December 31, 2018, applicable New York City minimum wage rate of $15.00 per hour)

*with* 29 U.S.C. § 206(a)(1) (federal minimum wage rate of $7.25 per hour after July 24, 2009).

Throughout Plaintiff's employment, however, his regular pay rate of $38.00 per hour

exceeded the applicable minimum wage rate; therefore, the Court will multiply his regular pay

rate by 1.5 to calculate his overtime pay rate.  *See Brito*, 2022 WL 875099, at *16.  "Because

Plaintiff has already been paid a weekly amount for these [overtime] hours, the overtime wage

deficiency is calculated by multiplying the difference between the paid rate and the overtime

wage rate . . . by the total number of overtime hours worked."  *Ms. Wine Shop*, 643 F. Supp.

3d at 377.

Applying these formulas, Plaintiff's overtime rate is $57.00 per hour (*i.e.*, $38.00 x

1.5).  The Court calculates two separate periods of unpaid overtime wages.  *First*, for the

weeks when Plaintiff worked over 40 hours and received some pay (from November 1, 2020

through November 6, 2021), his overtime deficiency per hour is $19.00 (*i.e.*, $57.00 – $38.00).

Because Plaintiff worked 50 hours per week, of which 10 hours should have been paid at the

overtime rate (*i.e.*, 50 hours – 40 hours), Plaintiff's weekly overtime wages owed for this

period are $190.00 (*i.e.*, $19.00 x 10 overtime hours). By multiplying $190.00 in weekly overtime wages owed by 53 weeks (*i.e.*, the total number of weeks between November 1, 2020 and November 6, 2021), Plaintiff's unpaid overtime wages are $10,070.00 for that period. *Second*, for three of his last four weeks of work (November 7, 2021 to November 27, 2021), Plaintiff was not paid at all and is therefore entitled to his full overtime pay rate of $57.00 per hour. His weekly overtime wages owed for this period are $570.00 (*i.e.*, $57.00 x 10 overtime hours). Multiplying $570.00 in weekly overtime wages owed by three weeks yields $1,710.00. Thus, the total unpaid overtime wages throughout his employment is $11,780.00 ($10,070.00 + $1,710.00).

In contrast, Plaintiff's damages calculation overstates the overtime deficiency rate and the number of weeks for which he is entitled to overtime pay. (Avshalumov Decl., ECF No. 34 at 7; *id*. Ex. M, ECF No. 34-13 (damages chart).) Plaintiff calculates the total unpaid overtime wage by multiplying the overtime hours worked each week (10) by the applicable hourly overtime rate ($57.00), and then further multiplying that number by *all* weeks worked (56.29). (*See* Avshalumov Decl. Ex. M, ECF No. 34-13 (damages chart).) This formula assumes that Plaintiff was never paid *any* amount of the overtime hours he worked each week, contrary to his sworn statements that he received $38.00 per hour for 50 hours worked each week, with no increase in hourly pay for the 10 overtime hours worked. (Pl. Aff., ECF No. 34-12 ¶¶ 10–11, 15.) While Plaintiff was not paid any overtime premium pay for any hours worked over 40, he was paid at least his regular pay rate per hour, as set forth above. Additionally, Plaintiff is not entitled to unpaid overtime wages during the week of November 28, 2021, his last week of work. Plaintiff did not work for that entire work week because his employment ended on or about November 30, 2021, two days after the work week started. (*See*

Avshalumov Decl. Ex. M, ECF No. 34-13 (damages chart).)  Therefore, he only worked 20 hours during his final week of work, not 50 hours as alleged.  The Court thus declines to adopt Plaintiff's formula for overtime pay damages.

Accordingly, the Court respectfully recommends that Plaintiff should be awarded **$11,780.00** in unpaid overtime pay.

### B.    Unpaid Wages

Plaintiff requests $6,080.00 for unpaid regular wages during his last four weeks of employment.  (Avshalumov Decl., ECF No. 34 at 7; *id*. Ex. M, ECF No. 34-13 (damages chart); Mem., ECF No. 35 at 22.)

"While '[t]he FLSA allows recovery for unpaid 'straight' time only up to the minimum wage rate, . . .  [the] NYLL provides . . . for a claim of straight time at a rate higher than the minimum wage if the parties previously agreed to that rate.'"  *Marvici*, 2023 WL 5810500, at *6 (quoting *Villar v. Prana Hosp., Inc.*, No. 14-CV-8211 (RA)(JCF), 2017 WL 1333582, at *4 (S.D.N.Y. Apr. 11, 2017)).  As noted, Plaintiff was paid at an hourly rate of $38.00, which is higher than the applicable minimum hourly rate, throughout his employment.  (Am. Compl., ECF No. 24 ¶ 48.)  Therefore, under the NYLL, Plaintiff is entitled to recover unpaid wages at the agreed-upon rate of pay for the periods of time when he did not receive any pay.  *Marvici*, 2023 WL 5810500, at *6.

Plaintiff alleges that he was not compensated at all for his last four weeks of employment.  (Am. Compl., ECF No. 24 ¶ 50; Pl. Aff., ECF No. 34-12 ¶ 16.)  To calculate the unpaid wages damages, the Court multiplies the plaintiff's regular rate of pay by the number of regular rate hours worked per week.  Applying this formula, Plaintiff is entitled to the total unpaid regular wages for his last four weeks of employment as set forth below:

| Time Period | Regular Pay Rate | Regular Rate Hours Worked Per Week | Total Unpaid Min. Wages |
|---|---|---|---|
| 11/07/2021 to 11/13/2021 | $38.00 | 40 | $1,520.00 |
| 11/14/2021 to 11/20/2021 | $38.00 | 40 | $1,520.00 |
| 11/21/2021 to 11/27/2021 | $38.00 | 40 | $1,520.00 |
| 11/28/2021 to 11/30/2021 | $38.00 | 20 | $760.00 |
| | | Total: | $5,320.00 |

As with the unpaid overtime wages, Plaintiff's calculations for the unpaid regular wages overstate the number of hours worked during his last week of work. (*See* Avshalumov Decl. Ex. M, ECF No. 34-13 (damages chart).) As noted, during the week of November 28, 2021, Plaintiff only worked 20 hours, yet Plaintiff's calculations include 50 hours for that week. (*See id.*) Again, the Court declines to adopt this calculation.

Accordingly, the Court respectfully recommends that Plaintiff should be awarded **$5,320.00** in unpaid regular wages for his last four weeks of employment.

### C.    Liquidated Damages

Plaintiff seeks $38,162.86 in liquidated damages for unpaid minimum wages and unpaid overtime compensation. (Avshalumov Decl., ECF No. 34 at 7; *id.* Ex. M, ECF No. 34-13 (damages chart).)

Under both the FLSA and NYLL, an employee may recover liquidated damages equal to the amount of their unpaid wages, unless the employer proves a good faith basis for believing that its underpayment of wages complied with the law. *Perry*, 2022 WL 1018791, at *11 (citing 29 U.S.C. §§ 216(b), 260; N.Y. Lab. Law § 198(1-a)). However, the FLSA and the NYLL prohibit "duplicative liquidated damages for the same course of conduct. Double recovery is generally disfavored." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). "In cases where plaintiffs could obtain liquidated damages under either FLSA [or] NYLL, the trend has

been to award liquidated damages under whichever statute provides the greater potential recovery." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2019 WL 8381264, at *13 (E.D.N.Y. Dec. 9, 2019), *adopted by* Order Adopting R. & R., *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB) (E.D.N.Y. Mar. 31, 2020).  Here, where Neuehaus defaulted and therefore makes no showing that it acted in good faith when it underpaid Plaintiff, the greater liquidated damages available under the NYLL are appropriate.

Accordingly, the Court respectfully recommends that Plaintiff should be awarded an additional **$17,100.00** in liquidated damages[7] for unpaid wages under the NYLL only.

### D.    Wage Notices & Wage Statements

Plaintiff seeks $5,000 for Neuehaus's failure to provide wage notices pursuant to NYLL § 195(1) and $5,000 for its failure to provide wage statements pursuant to NYLL § 195(3). (Mem., ECF No. 35 at 25.)

The penalty for failing to provide a wage notice is $50 per day, up to $5,000 (*i.e.*, 100 days or more), and the penalty for failing to provide wage statements is $250 per day, up to $5,000 (*i.e.*, 20 days or more).  *Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22-CV-6136 (RPK)(RML), 2023 WL 5152336, at *6 (E.D.N.Y. July 18, 2023) (citing N.Y. Lab. Law §§ 198(1-b) & 198(1-d)), *adopted by* 2023 WL 9104384 (E.D.N.Y. Aug. 23, 2023).  As alleged, Plaintiff worked more than 100 days without receiving wage notices and more than 20 days without receiving wage statements.  (Mem., ECF No. 35 at 25.)  Plaintiff thus is

---

[7] The liquidated damages includes $5,320.00 in unpaid wages and $11,780.00 in unpaid overtime wages.  (*See* §§ VI.A.–B., *supra*.)

entitled to the maximum statutory damages of $5,000 for violations of NYLL § 195(1), and $5,000 for violations of NYLL § 195(3).

Therefore, the Court respectfully recommends that Plaintiff should be awarded **$10,000.00** for violations of NYLL §§ 195(1) and 195(3).

### E.    Post-Judgment Interest

Finally, Plaintiff requests post-judgment interest.  (Avshalumov Decl., ECF No. 34 at 7; Mem., ECF No. 35 at 25.)  A plaintiff is "entitled to post-judgment interest on all civil money awards as a matter of right in federal court."  *Brito*, 2022 WL 875099, at *27.  "'[T]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'"  *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citing 28 U.S.C. § 1961 and quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  Accordingly, the Court respectfully recommends that Plaintiff should be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

## VII.    <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 33 should be **granted in part** as follows: (1) the Clerk of Court should enter the proposed default judgment (as amended)[8] against Neuehaus only; (2) Plaintiff should be awarded damages in the amount of **$44,200.00**, which includes: (a) $5,320.00 for unpaid wages; (b) $11,780.00 for unpaid overtime wages; (c) $17,100.00 in liquidated damages; (d) $10,000.00 for wage notice and wage statement violations; and (e)

---

[8] Plaintiff's proposed judgment (Avshalumov Decl. Ex. N, ECF No. 34-14) should be amended to reflect the damages recommendations herein.

post-judgment interest at the rate set forth in 28 U.S.C. § 1961.  Further, given Plaintiff's stated intention to discontinue all claims against Safaryan, the Court also respectfully recommends that Plaintiff should file a notice of voluntary dismissal forthwith.  All other requests for relief should be **denied**.

A copy of this Report and Recommendation is being served on Plaintiff via ECF.  The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following address forthwith: Neuehaus Studios Inc., 25 Ten Eyck Street, Apt. 4, Brooklyn, NY 11206; and Hayk Safaryan, 25 Ten Eyck Street, Apt. 4, Brooklyn, NY 11206.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Morrison.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 25, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge